IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

BRIAN ESPY,

        Plaintiff,

v.                                            Case No. 08-CV-2211 EFM/DWB

MFORMATION TECHNOLOGIES, INC.
and MARK EDWARDS,

        Defendants.

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUEST FOR 178 ADMISSIONS AFTER THE EXPIRATION OF TIME, OR IN THE ALTERNATIVE, MOTION TO WITHDRAW ADMISSIONS

COMES NOW Defendant MFormation Technologies, Inc., for its Memorandum in support of its Motion for Leave to File Responses and Objections after the expiration of time, pursuant to F.R.C.P. 6(b), or in the alternative Motion to Withdraw Admissions, pursuant to F.R.C.P. 36(b), states as follows:

Defense counsel was shocked and surprised to learn, late in the afternoon of Monday the 20th of July, that Plaintiff claimed that Defendant's Responses to Plaintiffs Request for 178 Admissions were past due. Defense counsel believed in good faith that these Responses were due on Monday, July 20, 2009 and not July 15, 2009. Plaintiff has asserted that his Requests for Admissions were served on June 15, 2009 via hand-delivery and that the Responses to Request for Admissions were therefore due on July 15, 2009. Defense counsel, who had been diligently working on answers to the 178 Requests for Admission throughout the month of July, served its Responses to Plaintiff's 178 Requests for Admissions on July 20, 2009.

Defense counsel now requests that this Court either extend the deadline to respond to the Requests for Admissions pursuant to F.R.C.P. 6(b) or permit the withdrawal of the Response pursuant to F.R.C.P. 36(b).

## Facts

Here, the reason for the three-day delay was an innocent secretarial error in the calendaring of the due date. See attached Declarations of Aaron Schwartz, Anne Harman and Patrick McGrath.

Assistant Anne Harman had the responsibility of calendaring the due dates for the Requests for Admission. Ms. Harman was unaware that three days additional time to respond to the Requests for Admissions pursuant to Federal Rule of Civil Procedure 6(d) was inapplicable when service was performed via hand-delivery under Rule 5(b)(2)(A) or 5(b)(2)(B). Ms. Harman represented to Attorneys Pat McGrath and Aaron Schwartz that the Responses were due on July 20, 2009. Because Ms. Harman had been an extraordinarily reliable assistant for a period of over eight years, Attorney McGrath believed that the Responses were due on July 20, 2009. To the best of defense counsel's knowledge, Ms. Harman has never made a similar calendaring error in her career as a legal assistant and paralegal.

Defense counsel, who had been diligently working on answers to the 178 Requests for Admissions throughout the month of July, served its Responses to Plaintiff's 178 Requests for Admissions on July 20, 2009, the date that Defense counsel believed these documents to be due.

## Extension of Deadline Under Rule 6(b) for Excusable Neglect

Defendant now requests that this Court grant Defendant's motion to extend the time to respond to Plaintiff's Requests for Admissions to include July 20, 2009, or in the

alternative, withdraw any admissions made by Defendant as a result of the allegedly tardy service.

Federal Rule of Civil Procedure 6(b)(1) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Defendant has good cause for failing to timely respond to the Requests for Admissions.  Defendant was a mere three days tardy in filing its response and objections due to its reasonable reliance on a seasoned paralegal's representation. Further, defense counsel's failure to timely respond to the Requests for Admissions was a result of excusable neglect.

"The determination of whether excusable neglect has been established is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission including:  (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes whether it was within the reasonable control of the party seeking to show excusable neglect; and (4) whether that party acted in good faith." *Coleman v. Blue Cross Blue Shield of Kansas*, 487 F.Supp. 2d 1225, 1234 (D.Kan. 2007).

Here, every factor supports a finding of excusable neglect. Secretarial and calendaring error is firmly established in the case law of this jurisdiction and others as "excusable neglect."  See *Walter v. Blue Cross & Blue Shield United of Wisc.,* 181 F.3d 1198, 1201-02 (11th Cir.1999) (motion to set aside default judgment was untimely due to secretary's clerical error in failing to record deadline, the court found "excusable neglect"); *Cryer v. InterSolutions, Inc.,* No. 06-cv-2032, 2007 WL 1191928, at *6 (D.D.C. April 20, 2007) (the court found "excusable neglect" where mistake in calculating

deadline to file for class certification was "not unreasonable," there was no prejudice, delay was minimal, and there was no indication of bad faith); *Al Hendrickson Toyota, Inc. v. Yampolsky*, 695 So. 2d 948 (Fla. 4th DCA1997) (stating, "[T]he established case law deems that calendaring errors are regarded as excusable neglect."); *Fidelity Federal Sav. and Loan Ass'n v. Felicetti*, 148 F.R.D. 532 (E.D.Pa.1993) (untimely response to plaintiffs' motion to compel discovery would be accepted where response was only one business day late and lateness was result of counsel's inadvertent miscalculation of response date); *Williams v. Sirmons*, 2008 WL 709238, 1 (M.D.Fla.,2008) (summary judgment filed three days late due to counsel's calendaring error, deemed excusable neglect).

Plaintiff has suffered absolutely no prejudice by Defendant's filing its Response to Plaintiff's Request for Admissions three days late. Additionally, the length of delay in the instant case is miniscule - a mere weekend and two business days.  See *LoSacco v. City of Middletown*, 71 F.3d 88 (2nd Cir.) (excusable neglect shown where materials filed 9 days past due); *Cryer,* No. 06-cv-2032, 2007 WL 1191928, at *6 (D.D.C. April 20, 2007) (length of delay was "not great" where motion for extension of time to file for class certification was filed 22 days after deadline); See also *Smith v. District of Columbia*, 430 F.3d 450, 368 (DC Cir. 2005) (no showing of excusable neglect where motion for summary judgment was filed 15 months late); *Poulin v. E.I. Dupont DeNemours and Co.*, 883 F.Supp. 894 (W.D.N.Y.1994) (no showing of excusable neglect where motion filed 8 days late). Defendant acted in good faith and Defendant's counsel honestly believed that the Responses to the Requests for Admissions were due on Monday, July 20, 2009.

As such, the court should enter an order under F.R.C.P. 6(b) extending the deadline to file Defendant's Responses and objections to Plaintiff's 178 Request for Admissions to include July 20, 2009, the day that the responses were served.

### Withdrawal of Admissions pursuant to F.R.C.P. 36(b)

In the alternative, pursuant to F.R.C.P. 36(b), Defendant requests that the Court permit the withdrawal of any admission Defendant may have inadvertently made.

F.R.C.P. 36(b) provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." "[T]he failure to respond in a timely fashion does not require the court automatically to deem all matters admitted." *Gutting v. Falstaff Brewing Corp.* 710 F.2d 1309, 1312 (8th Cir. 1983). "[T]he purpose of Rule 36 is to expedite trial by removing uncontested issues." *Moosman v. Joseph P. Blitz, Inc.*, 358 F.2d 686, 688 (2nd Cir. 1966). Rule 36 is abused when it is used as a hidden snare against an opposing party.

An admission may be withdrawn when "(1) the presentation of the merits will be aided and (2) no prejudice to the party obtaining the admission will result." *Healthfirst, Inc. v. Medco Health Solutions, Inc.* 2006 WL 3711567, 4. Here, both requirements are clearly exceeded.

The first prong of the two-part test from Rule 36(b) "emphasizes the importance of having the action resolved on the merits," *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1577 (11th Cir. 1988). This prong is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995). As the Tenth Circuit held, "[t]his part

of the test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Raiser v. Utah County*, 409 F.3d 1243, 1246 (10th Cir. 2005).

Here, Defendant would have slim opportunity to obtain a trial on the merits if Plaintiff's 178 requests for admissions are deemed admitted. The requests for admissions include a series of questions stating "Brian Espy is entitled to [certain specific amounts] as additional commissions on the [Bell Mobility, Sprint, Telcom New Zealand, Metro PCS, and Clearwire] contract[s]." Other admissions regarding interest and penalties under K.S.A. 44-315 are equally damaging to the Defense of the action. The admissions attempt to force Defendant into admitting every element of the Plaintiff's case. If permitted to stand, these admissions would take "the wind out of the defendants' sails and effectively end[] the litigation." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1266 (11th Cir. 2002).

Additionally, Plaintiff would suffer no prejudice to his case if the admissions are withdrawn. "The prejudice contemplated by the rule relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Gutting,* 710 F.2d at 1314 (internal citation omitted). "The prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the jury of its truth. Something more is required." *Raiser*, 409 F.3d at 1246 . A "court is more likely to find prejudice when a party seeks to withdraw its admissions once trial has already begun." *Perez*, 297 F.3d at 1267.

Here, Plaintiff can show no prejudice in the three-day delay in Defendant's filing of its answers. The brief delay did not provide the risk that Plaintiff would forgo any

discovery or otherwise rely on the admissions in any substantive manner. Trial has not begun, nor has it been docketed.

Therefore, Defendant requests that this Court permit the withdrawal of Defendant's admissions insofar as it has admitted anything in responding to Plaintiff's Requests for 178 admissions.

## Costs

As a final note, defense counsel readily admits that Plaintiff's counsel may incur costs associated with responding to this motion. The Defendant offers to pay the reasonable attorney's fee of Plaintiff's counsel incurred in responding to this motion. While Defense counsel is of the belief that the combination of the Plaintiff's unusual method of service, along with his summary judgment motion standing by is indicative of the "gotcha" lawyering generally disapproved by this court, the defense is willing to pay reasonable costs associated with any error.

WHEREFORE, the Defendant respectfully moves that this Court enter an Order extending the deadline for Defendant to respond to Plaintiff's Request for 178 Admissions to include July 20, 2009, or in the alternative, for an Order deeming the Responses and Objections filed on Monday, July 20, 2009, withdrawn, and for such other and further relief as this Court deems just, proper and equitable.

      /s/ Patrick E. McGrath
Patrick E. McGrath, #14230
Wallace, Saunders, Austin, Brown & Enochs, Chtd.
10111 W. 87th Street
Overland Park, Kansas 66212
Direct dial: 913-752-5559
Fax:  913-888-1065
e-mail:  patmcgrath@wsabe.com
ATTORNEY FOR DEFENDANTS

**Certificate of Service**

I hereby certify that service was accomplished through the Notice of Electronic Filing on counsel listed below, who are Filing Users and by U.S. Mail, first-class, postage prepaid, on the 22nd day of July, 2009, to:

Patrick R. Miller
DeZube Miller LLC
4400 W. 109th Street, Suite 300
Overland Park, Kansas 66211
pmiller@dezubemiller.com

ATTORNEY FOR PLAINTIFF


 /s/ Patrick E. McGrath_____
Patrick E. McGrath