IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| BRIAN ESPY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-2211-EFM-DWB |
| | ) |
| Mformation TECHNOLOGIES, | ) |
| *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Presently before the court are the following motions:

1. Plaintiff's Motion to Compel and sealed exhibits (Doc 111, 117); Defendants' Sealed Response (Doc. 138) and Plaintiff's Reply (Doc. 129).

2. Defendants' Motion to Compel and supporting memorandum (Doc. 157, 158); and Plaintiff's Response (Doc. 164).

3. Plaintiff's Motion for Extension of Time to Complete Discovery (Doc. 161); Defendants' Response (Doc. 163); and Plaintiff's Reply (Doc. 170).

The Court has previously addressed discovery disputes between the parties in this case and has allowed certain discovery, including a Rule 30(b)(6) deposition of the representative of Defendant Mformation Technologies, Inc.

1

*See e.g.*, Memorandum and Order filed September 9, 2009 (Doc. 77). After that ruling, Plaintiff served a deposition notice for the Rule 30(b)(6) deposition (Doc. 78). After discussions and written communications between counsel (Doc. 111-1 & 111-2), Plaintiff filed an amended notice of the Rule 30(b)(6) deposition. (Doc. 95.) Defendant then filed Objections and Responses to that amended notice. (Doc. 102.)

Defendant produced its corporate representative, Ayodele Abiona, for the Rule 30(b)(6) deposition on November 10, 2009. (Doc. 111-3.) After the deposition was concluded, Plaintiff filed its motion to compel arguing that the corporation did not provide a witness that was properly prepared to testify on the topics set out in the deposition notice. (Doc. 111.) In its response, Defendant Mformation argued that Plaintiff had not identified the topics for the Rule 30(b)(6) deposition with "painstaking specificity" and further argued that the representative had adequately answered the required questions.

    **A.    Plaintiff's Motion to Compel and the Related Extension of Discovery Deadlines.**

The specific topics in the deposition notice about which Plaintiff complains Defendant did not provide a witness that was adequately prepared to testify, and which Defendant argues are not identified with "painstaking specificity," are as follows:

1. Employment agreement between Plaintiff and Mformation, and any changes or modifications that occurred during the course of employment, including dates of changes and all individuals acting on behalf of Mformation to negotiate and implement those changes.

3. Compensation arrangement between Plaintiff and Mformation, and any changes or modifications that occurred during the course of employment, including dates of changes, and all individuals acting on behalf of Mformation to negotiate and implement those changes.

10. Amendments to any contracts negotiated by Plaintiff on Mformation's behalf, or otherwise booked by Plaintiff, including but not limited to the Metro PCS and Clearwire contracts.

13. Work performed, including any effort by any employee or agent of Mformation to satisfy its obligations under any agreement, and the timing of work performed by Mformation on contracts negotiated by Plaintiff on Mformation's behalf, including but not limited to Clearwire.

14. Status of each account booked by Plaintiff on behalf of Mformation, including but not limited to payments received, when payments were received, services provided, when services were provided and units activated.

16. All disclosures to third parties concerning Mformation's assets and expenses

18. All disclosures to the Board of Directors of Mformation concerning the Clearwire transaction.

26. All communications between Clearwire and Mformation following the execution of the original Clearwire contract in January, 2008 through execution of the final amendment to the contract.

31. All investigations engaged by Mformation to determine whether Plaintiff was entitled to commission compensation prior to his receipt of payment in May, 2008.

32. The identity of all documents reviewed and considered by Mformation in determining the amount of commissions owed for Plaintiff's 2007 4th quarter commission payment.

(Doc. 95.)

Rule 30(b)(6) requires the topics of the deposition be identified with "reasonable particularity."  Defendant urges that the District of Kansas has required a greater degree of particularity, specifically that the designation be made with "painstaking specificity."  This language is found in Sprint Communications v. TheGlobe.Com, Inc. 236 F.R.D. 524, 528(D. Kan. 2006); EEOC v. Thorman & Wright Corp., 243 F.R.D. 421, 426 (D. Kan. 2007); McBride v. Medicalodges, Inc., 250 F.R.D. 581, 584 (D. Kan. 2008); and Lipari v. U.S. Bancorp, N.A., Case No. 07-2146-CM-DJW, 2008 WL 4642618 (D. Kan. Oct. 16, 2008).  However, those opinions, after using the phrase "painstaking specificity" also use the language from the rule (reasonable particularity) as well as similar language (reasonably particularized areas of inquiry).  Other decisions in the district have not used the "painstaking specificity" language, but instead have applied the standard as stated in the rule -- reasonable particularity.  *See e.g.*, Starlight Int'l Inc. v. Herlihy, 186 F.R.D.

626, 638 (D. Kan. 1999); Heartland Surgical Speciality Hospital v. Midwest Division, Inc., Case No. 05-2164-MLB-DWB, 2007 WL 1054279 at \*\* 3,4 (Apr. 9, 2007). The court will measure the topics in Plaintiff's notice by the standard stated in the rule -- reasonable particularity.

The court concludes that topics 1, 3, 10 (as to the Clearwire contract), 18, 31 and 32 are sufficient to meet this standard.

Topic 16 (all third party disclosures concerning Mformation's assets and expenses) is perhaps too broad, but Defendant should have been prepared to address disclosures of specific financial information to third-parties which was identified in the Court's Memorandum and Order of September 9, 2009. (Doc. 77, at 11-16).

Topics 13 and 14 are too broad and all-encompassing. Topic 26 (all communications between Clearwire and Mformation from January 2008 to amendment of contract) is likewise too broad without some type of restrictive description, such as discussions about amendment of the contract or whether Clearwire intended to cancel pursuant to the contract provision. (To the extent Plaintiff wants to know about amendments to the contract, that is covered by Topic 10.)

This brings us to consideration of how the 30(b)(6) deposition should

have been handled. Defendant made objections and responses to the topics set out in Plaintiff's amended deposition notice. Defendant cites no authority, however, for the proposition that these objections alone are sufficient to allow it to produce a witness who is prepared to discuss only the topics as refined by Defendant's objections. The proper method for bringing to the Court's attention any deficiencies in the identification of topics is to file a motion for a protective order as was done in <u>Sprint</u>, <u>McBride</u>, and <u>Lipari</u>.[1]

If a motion for a protective order is filed, this stays the discovery at which the motion is directed pending an order by the court. D. Kan. Rule 26.2. Here Defendant did not file such a motion but only made objections. It could have put those objections into a protective order and allowed the court to determine prior to the 30(b)(6) deposition whether the topics were too broad or irrelevant. Instead, it now claims that Plaintiff had some obligation to seek court intervention prior to the deposition. It cites no authority for that proposition. Defendant cannot simply file objections and then state that it will only produce general answers to the topics in accordance with its objections unless given more specific direction by the party seeking the deposition.

---

[1] In both <u>Starlight</u> and <u>Heartland</u>, the topics had been discussed with the Court at a prior status conference and the corporation did not file a motion for a protective order nor did it request additional time to prepare a witness was made.

It is true, however, that Plaintiff could have filed a motion to compel before the deposition to compel the 30(b)(6) witness to testify about the designated topics. Plaintiff elected not to do so in this case because any such motion would delay the deposition. With filed objections at hand, however, it should have been obvious to Plaintiff that there would be difficulties in the deposition. Therefore, to some extent, both parties bear the blame for any wasted time in the 30(b)(6) deposition. For this reason, neither party is entitled to attorneys fees for preparation or defense of the motions.

A review of the portions of the deposition transcript provided by Plaintiff (Doc. 111-3) would indicate to the court that the witness selected by Defendant was not adequately prepared to answer questions on the topics identified. He had little if any personal knowledge of any of the topics and was very vague in describing what he had done to prepare to answer the various areas of inquiry. It is not good enough to present such a witness and then argue that he did "the best he could."

After reviewing several of the topics in dispute, it appears to the court that questions about Topics 1, 3, 10, 26 (concerning any communications about amending the Clearwire contract), 31 and 32 should be areas in which Ramsey Masri should have discoverable information since he was Plaintiff's direct

supervisor. Likewise, it appears that Topics 18, 31 and 32 are areas in which John Roberts, Defendant's CFO, should have discoverable information. Roberts, as CFO, should also have information concerning communications with third-parties of the type specifically identified in the Court's prior Memorandum and Order of September 9, 2009. Because Defendant has not produced a 30(b)(6) witness who was adequately prepared to discuss these topics, the court will first allow Plaintiff to depose these two individuals as to their knowledge of those topics, but this will not be a corporate deposition pursuant to Rule 30(b)(6). Defendant will be required to produce those two individuals for their depositions in Kansas City <u>at Defendant's expense</u> on or before **May 31, 2010.** Each deposition will be limited to 7 hours in duration (not counting breaks). Defendant will not, however, be required to reimburse Plaintiff's counsel for his time for taking such depositions or preparing for them.

<u>After</u> the Masri and Roberts depositions have been taken, Plaintiff will be allowed, if he so chooses, to conduct an additional Rule 30(b)(6) deposition of Defendant <u>only</u> on Topics 1, 3, 10 (as to the Clearwire contract), 18, 31 and 32, and on Topic 16 as identified in the Court's Memorandum and Order of September 9, 2009 (Doc. 77, at 11-16). Plaintiff will be required to travel to

Defendant's offices in New Jersey for that deposition which will not exceed 5 hours in length (not counting breaks). Defendant will not be responsible to advance any of the costs of that deposition or travel to take the deposition, subject however to reconsideration after the deposition has been completed. That deposition will be taken on or before **June 30, 2010.**

The parties have identified two expert depositions that may be requested: Mr. Felicione (Defendant's expert) and Mr. Grimes (Plaintiff's expert). Those depositions shall be completed not later than **June 30, 2010.**

Plaintiff has indicated a desire to take the deposition of Clearwire in Seattle, Washington, because he does not believe that he has received full information about the Clearwire contract from Defendant. After completion of the depositions of Masri and Roberts, Plaintiff may take the Clearwire deposition not later than **June 30, 2010,** and the deposition shall be limited to not more than seven hours in duration (not counting breaks). At this time, Plaintiff's request that Defendant pay for the time and travel for Plaintiff to take this deposition is denied, <u>without prejudice</u> to reconsideration in the event that Plaintiff can establish that the deposition provided relevant discoverable information that was known to Defendant but not disclosed in prior discovery requests or depositions of Defendants or their employees.

The prior deadline for completion of discovery is hereby extended, but <u>only</u> for the purpose of the taking of the above depositions. No other discovery will be allowed.[2]

### B. Defendant's Motion to Compel.

Defendants' motion to compel production of Plaintiff's tax returns or the tax returns of any entity in which Plaintiff owns an 50% or greater interest (Doc. 158) is denied. Defendants' have not met their burden of proving that the tax returns are relevant to the subject matter of the action. <u>Hilt v. SFC Inc.</u>, 170 F.R.D. 182, 189 (D. Kan. 1997). Also, to the extent that there is a question of whether Plaintiff was hired by Mformation as a "rainmaker," that information should be within the knowledge of Defendants since they are the ones that hired him. They have not established that his prior earnings were either relevant to or considered by them in deciding to hire Plaintiff, and the tax returns are not relevant to the issues in this case nor are they calculated to lead to the discovery of admissible evidence.

### C. **Final Pretrial Conference and Dispositive Motion Deadline.**

A final pretrial conference is hereby set for **July 13, 2010 at 1:30 p.m.**

---

[2] At the telephone conference on April 13, 2010, counsel advised the Court that no additional discovery being requested by any party.

The pretrial conference will be held by video-conference, and both counsel will appear in person at the U.S. Courthouse in Kansas City, Kansas, for that conference. The parties have previously provided the Court with a proposed pretrial order, but at the April 13, 2010 conference, it appeared that there would be several modifications to that proposed order. Any such revisions or modifications shall be submitted to the Court by email not later than **July 7, 2010.**[3]

Any dispositive motions shall be filed not later than August 20, 2010, and responses and replies, if any, shall be filed within the time provided by D. Kan. Rule 6.1(d)(2) (as amended 12/1/2009). Any requests for extensions of time to submit briefs shall be addressed to Judge Melgren, the assigned U.S. District Judge.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's motion to compel (Doc. 111) is granted in part and denied in part as set out above;

2. Plaintiff's motion for extension of discovery deadlines (Doc. 161)

---

[3] If, after receiving the revised pretrial order, it appears that there are no substantial issues in dispute, the Court may elect to cancel the video-conference and hold the pretrial conference by telephone.

is granted in part and denied in part as set out above; and

3. Defendants' motion to compel (Doc. 158) is denied.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference be held by video-conference on **July 13, 2010 at 1:30 p.m.**, and that the parties shall provide to the Court, by email transmission, a copy of the revised version of the proposed pretrial order on or before **July 7, 2010.**

**IT IS FURTHER ORDERED** that any dispositive motions shall be filed not later than **August 20, 2010**, and responses and replies, if any, shall be filed within the time provided by D. Kan. Rule 6.1(d)(2) (as amended 12/1/2009).

Dated at Wichita, Kansas this 13th day of April, 2010.

    s/ DONALD W. BOSTWICK
    U.S. MAGISTRATE JUDGE